REDMANN, Judge.
Defendants appeal from a judgment for workmen’s compensation benefits to plaintiff for total and permanent disability.
Defendants first complaint is procedural: after having ruled to the contrary at pre-trial, the trial judge at the end of trial decided to hold the case open to await a laminectomy and discectomy and testimony on the surgical findings. We see no substantive fairness issue. Defendants’ complaint is only that the rules were changed while the “game” was being played; defendants do not show that the original ruling by the trial judge was the correct one or that the later change in the ruling prejudiced defendants in any way.
Defendants’ second complaint is substantive. Five orthopedic surgeons and one neurologist testified, and five of those doctors, including one appointed by the trial judge as his own expert, gave testimony that would more easily support an opposite conclusion than that reached by the trial judge.
From August 6,1975, the date of the first medical examination testified about, through intermediate examinations and even past the February 27,1978 trial, plaintiff had no objective signs of any injury or any back problem, all orthopedic tests were negative, and, more important, plaintiff was voluntarily limiting his straight leg raising ability when he knew it was being tested — an ability that he demonstrated he possessed in full when sitting or supine. This inconsistency on plaintiff’s part continued until past trial, held open for a report on then-scheduled surgery and for testimony from the court-appointed expert. The court’s expert gave a report substantially the same as others.
Yet plaintiff’s good faith and belief in his symptoms can hardly be denied: he underwent spinal surgery to obtain relief. It is established by Dr. Cracco’s testimony after surgery that plaintiff (aged 35) had a degenerative disc condition, notwithstanding that none of the other orthopedic surgeons would have operated. True, the question is not whether plaintiff had a disc condition, but whether the industrial accident of June 27, 1975 permanently disabled plaintiff by making the formerly asymptomatic condition symptomatic. The overwhelming preponderance of the medical evidence is that the accident had no such effect: that plaintiff’s complaints of pain on movement such as straight leg raising were demonstrated to be not attributable to any disc condition.
*669 The court’s expert did state the plaintiff’s “guarding” against certain movements could have been not conscious, a result of anticipation of pain that, at some earlier time, those movements may have produced. That expert opined that no treatment would help plaintiff because three years had produced no improvement. He added that if surgery revealed
a huge bulging disc — which would be a total surprise because there is nothing here that would make you think of that— if he had that, then I think I’m wrong; most of the doctors that saw him are wrong, and his chances of recovery are pretty good. But I, personally, just don’t feel that that is what you would find, and I personally don’t feel his recovery rate would be good. But, if you would find herniated fragments on a nerve root and you took that out, you would enhance his recovery chances .
Nevertheless that expert offered some, if slight, support for the court’s judgment in that he refused to rule out the subjective validity of plaintiff’s complaint:
Q. In any event, if this incompetent disc was producing the symptoms that this man complained of, don’t you think you would have found them in your examination?
A. Not necessarily. An incompetent disc can cause pain under stressful conditions, and under non-stressful conditions in examining a patient in the office, you won’t have findings. I have private patients that I know have a bad disc space, no nerveroot irritation, and sometimes I find findings, and other times I don't. So, I don’t think I can answer that to the extent that you would like an answer. I mean, his physical examination, as was brought out by me, there was exaggerations, I felt, and overreaction, and I would have to say his examination, objectively, was totally normal. Subjectively, it was likely normal, but I couldn’t really say.
Dr. Cracco, who first saw plaintiff in June 1976, about a year after the accident, found objective evidence in the circumstance that one disc accepted a full cubic centimeter of dye for a discogram and in what he described as the consistency of plaintiff’s complaints on movement. He also found at surgery a degenerated but not ruptured disc. Because trial closed two weeks after surgery he could not then say whether the surgery solved plaintiff’s complaints. He attributed plaintiff’s complaints to an aggravation of the disc condition resulting from the June 1975 accident because the complaints were continual (he was informed) since then.
We sympathize with defense counsel’s feeling that the trial court ruled against the great weight of the medical evidence, yet we believe the trial judge correctly viewed that evidence as not irreconcilably in conflict with his ruling. The last quotation from the court’s expert concedes the possibility of the genuineness of plaintiff’s subjective symptoms, despite exaggeration and overreaction. Dr. Cracco’s testimony, too, is not irreconcilable with the others: he, too, proceeded reluctantly with further testing because (until the discogram) he found no objective justification for plaintiff’s complaints.
Considering both the requirement of liberal construction and the fact that the case can be reopened for a redetermination of disability should the operation have affected it, we conclude that under the pertinent standards of review the judgment appealed from must be affirmed.
Affirmed.